# In the United States Court of Federal Claims

No. 18-923C
Filed: July 2, 2019

|  |  |
|---|---|
| TONIA TIPPINS, et. al., | ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| v. | ) |
|  | ) |
| THE UNITED STATES, | ) |
|  | ) |
| Defendant, | ) |
|  | ) |

**ORDER**

On March 1, 2019, the parties filed a Joint Preliminary Status Report ("JPSR"). ECF No. 14. In the JPSR, the parties disagreed on whether the Court should proceed on motions for judgment on the administrative record in accordance with Rule 52.1(b) of the Rules of the Court of Federal Claims ("RCFC") or motions for summary judgment under RCFC 56. *See id.* at 2. The Court requested briefing on this issue after a telephonic status conference on March 19, 2019.

Plaintiffs contend that a decision based on an administrative record is inappropriate, as plaintiffs challenge the legality of the Coast Guard's refusal to provide plaintiffs with an Enlisted Personnel Board, rather than challenging a prior administrative decision of the Coast Guard or a military corrections board. *See generally* Plaintiffs' Memorandum (hereinafter "Pl.'s Mem."). Defendant argues that judgment on the administrative record is appropriate, as plaintiffs are asking the Court to determine whether the decision of the Coast Guard to discharge plaintiffs based on the recommendation of the CRSPs was lawful. *See* Defendant's Opposition to Plaintiffs' Memorandum (hereinafter "Def.'s Resp.") at 9. In support of its argument, defendant points to a number of cases, all of which have held that a service member's decision to bypass a correctional board's review does not alter the APA standard of review the Court is required to apply. *See generally Walls v. United States,* 582 F.3d 1358,1367 (Fed. Cir. 2009); *Metz v. United States,* 466 F.3d 991, 998 (Fed. Cir. 2006); *Martinez v. United States* 333 F.3d 1295, 1304–06, 1314 (Fed. Cir. 2003). Plaintiffs respond that those cases deal with a decision by a military corrections board, while plaintiffs' claims have not been considered by any administrative authority and, therefore, should be reviewed *de novo*. Plaintiffs' Reply (hereinafter "Pl.'s Reply") at 3.

*Lippmann v. United States*, 127 Fed. Cl. 238 (2016), sets forth the standard that claims brought to this Court without previous consideration by an administrative board are reviewed *de novo*. *See* 127 Fed. Cl. at 250. Similar to the circumstances in this case, Marcus Randolph

Lippmann was a senior Coast Guard non-commissioned officer that was forced to retire under the 2013 CRSP.  *Id.*  Lippmann challenged the legality of the Coast Guard's decision to involuntarily retire him based on the recommendation of the CRSP.  *Id.*  The Court noted that Lippmann's claim was not reviewed or decided upon by the Coast Guard or by a military corrections board.  *Id.*  The Court reviewed the claim *de novo*, as the plaintiff "assert[ed] his claims for the first time in th[e] litigation."  *Id.*

Plaintiffs here are challenging the legality of the Coast Guard's use of CRSPs under 14 U.S.C. § 357.  Pl.'s Mem. at 6.  Specifically, plaintiffs allege there was no reduction in force and that the service members' statutory rights were violated when they did not receive an Enlisted Personnel Board.  *See id.* at 1.  As plaintiffs are challenging the legality of the CRSPs for the first time, and neither the Coast Guard nor a military corrections board has considered this issue, there is no appropriate administrative record for the Court to review.  Accordingly, the Court will review plaintiffs' legal claims, and the parties will proceed with Cross-Motions for Summary Judgment.

It appears to the Court that the appropriate legal standard is governed by the decision in *Chevron, U.S.A. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843 (1984).  Discussion of that issue will await a decision on the Motion to Compel and will be considered when the Cross-Motions for Summary Judgment are heard.

During oral argument, a dispute arose regarding discovery.  The Court will allow plaintiffs to file a motion to compel on the issue of the Coast Guard's current and past interpretation of "reduction in force" in accordance with 14 U.S.C. § 357.  Plaintiffs shall file its Motion to Compel on or before July 29, 2019.

Pursuant to discussion held during the oral argument on June 27, 2019, this case will proceed on Motions for Summary Judgment.  Those Motions shall be delayed pending a decision on plaintiffs' forthcoming Motion to Compel.  Plaintiffs' Motion to Compel shall be filed on or before **August 1, 2019**.  Defendant's Response to plaintiffs' Motion to Compel shall be filed on or before September 3, 2019.  Plaintiffs' Reply in Support of its Motion to Compel shall be filed on or before September 17, 2019.  Oral Argument on the Motion to Compel will be set at a later date.

**IT IS SO ORDERED.**

s/ *Loren A. Smith*

Loren A. Smith,
Senior Judge