# In the United States Court of Federal Claims

No. 18-923C
Filed: March 14, 2022

**TONIA TIPPINS, et al.,**

    *Plaintiffs*,

v.

**THE UNITED STATES,**

    *Defendant.*

## ORDER CERTIFYING CLASS ACTION

On March 8, 2022, Plaintiffs moved for class certification and appointment of class counsel pursuant to RCFC 23. (Pls.' Mot. to Certify, ECF No. 100). Plaintiffs represent that the United States does not oppose the relief Plaintiffs seek in that Motion. (*Id*. at 1). Plaintiffs move to certify a class of individuals, defined as follows:

> Retired enlisted members of the Coast Guard who were involuntarily retired without a hearing before an Enlisted Personnel Board as part of the 2012, 2013, and 2014 Coast Guard Active Duty Enlisted Career Retention Screening Panels ("CRSPs"), after serving in the Coast Guard for more than twenty years.

(*Id*. at 8).

The Court finds that the proposed class meets the five requirements of collective actions brought under RCFC 23: numerosity, commonality, typicality, adequacy, and superiority. *See Barnes v. United States*, 68 Fed. Cl. 492 (2005); RCFC 23(a), (b). First, the class is so large that joinder is impracticable. The putative class would include claims from approximately 359 former service members. Generally, an action containing more than 40 claimants will satisfy the numerosity requirements of RCFC 23. *King v. United States*, 84 Fed. Cl. 120, 124 (2008).

Second, common questions of law and fact predominate over questions germane to individual class members. The question is simple: whether the Coast Guard retired each class member using a process that violated 14 U.S.C. § 357.

Third, the six named parties' claims are virtually identical to, thus invariably typical of, the remaining class members. Each of the remaining class members were Coast Guard veterans of twenty years or more at the time of their retirement. The proposed class definition thus reflects that the named Plaintiffs' claims are typical of the class.

Fourth, the Court finds that the six representative parties will fairly and adequately protect the interests of the class. The named Plaintiffs are represented by Nathan S. Mammen who is assisted by two others at the law firm Kirkland & Ellis LLP. Both the attorneys themselves and Kirkland & Ellis have extensive experience litigating collective actions. Additionally, the putative class members' interests are not antagonistic to one another.

Fifth and finally, collective action pursuant to RCFC 23 is superior to other available methods to adjudicate this controversy. Collective action in this case would preserve judicial resources and ensure a uniform resolution of the legal questions presented without sacrificing procedural fairness.

Accordingly, pursuant to RCFC 23, the Court **CERTIFIES** a class of retired enlisted members of the Coast Guard who were involuntarily retired without a hearing before an Enlisted Personnel Board as part of the 2012, 2013, and 2014 Coast Guard Active Duty Enlisted Career Retention Screening Panels ("CRSPs"), after serving in the Coast Guard for more than twenty years. Nathan Mammen is hereby **APPOINTED** counsel for that class. Additionally, the Court has reviewed the proposed notice (Pls.' Mot. to Certify Ex. 3) and **APPROVES** of its contents, subject to the insertion of dates and websites where appropriate. The Court also **ORDERS** the following:

(1) On or before March 21, 2022, the United States must produce to Plaintiffs' counsel:

   a. The names and last known addresses of all enlisted members who were involuntarily retired pursuant to the 2012, 2013, and 2014 CRSPs; and

   b. The names of all enlisted members who were selected but not involuntarily retired pursuant to the 2012, 2013, and 2014 CRSPs.

(2) On or before April 4, 2022, Plaintiffs' counsel must date and mail the notice to class members.

(3) On or before May 13, 2022, all opt-in consent forms must be postmarked or emailed to Plaintiffs' counsel.

(4) On or before June 22, 2022, Plaintiffs must file all opt-in consent forms using the Court's CM/ECF filing system.

(5) On or before July 1, 2022, Plaintiffs must file an amended complaint on behalf of all plaintiffs who timely returned opt-in consent forms.

(6) On or before July 12, 2022, the parties shall file a status report apprising the Court whether these actions have been completed and proposing a schedule for further proceedings.

**IT IS SO ORDERED.**



s/    David A. Tapp
DAVID A. TAPP, Judge